IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PORTIA LOUDER,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | MEMORANDUM DECISION<br>AND ORDER<br><br>Case No. 2:16-cv-206<br><br>Judge Robert J. Shelby |

Portia Louder pled guilty in 2014 to federal charges of wire fraud and conspiracy in connection with various fraudulent real estate transactions. She was subsequently sentenced to seven years in federal custody. Louder has now filed a motion to vacate the judgment under 28 U.S.C. § 2255, arguing that her guilty plea was involuntary because she was not mentally competent and because the plea was coerced. For the reasons below, the motion is denied.[1]

## BACKGROUND

In 2011, Louder was indicted for violations of 18 U.S.C. § 1014 (False Statements), 18 U.S.C. § 1343 (Wire Fraud), 18 U.S.C. § 1957 (Money Laundering), and 18 U.S.C. § 371 (Conspiracy). The indictment alleged that Louder and others engaged in various real estate purchases and fraudulently obtained mortgages in connection with those purchases. Louder initially pled not guilty to the charges. She was released pending trial but violated the terms of her pretrial release in April 2014 and was placed in the Weber County Jail for one week. Louder

---

[1] Section 2255 requires that the court hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." § 2255(b). The court finds that the record in this case conclusively shows that Louder is not entitled to relief, and therefore declines to hold a hearing.

alleges that she was treated poorly there; she contends that she was not given her medications, she was not allowed to shower, and she went days without water.

A few months later, in June 2014, the court granted Louder's request for a competency evaluation. Louder was taken into custody and transferred to the federal SeaTac facility in Washington for evaluation. At SeaTac, Louder exhibited disruptive behavior, including banging on the door of her cell and singing loudly. A psychologist at SeaTac ultimately diagnosed Louder with Severe Opioid Use Disorder, but did not recommend medical treatment. Based in part on the SeaTac evaluation, this court found Louder competent to stand trial. It determined, however, that she was a danger to the safety of others and the community, and placed her in the Davis County Jail pending trial.

At the Davis County Jail, Louder exhibited more disruptive behavior. Medical records reflect that she became delusional and paranoid and acted erratically, at one point damaging a sprinkler head in her cell. Louder contends that she was held in isolation during this time and was allowed outside her cell for only an hour each day.

On August 8, 2014, Louder appeared before the court and changed her plea on the wire fraud and conspiracy counts to guilty as part of an agreement with the government. The court, well aware of her erratic behavior over the preceding few months, exhaustively questioned Louder about her competence to plead guilty and about the voluntariness of her plea. The court ultimately accepted Louder's guilty plea after determining that she was competent and was not coerced into pleading guilty. The court also determined, after questioning Louder, her husband, and the government, that Louder would be released pending sentencing. Five months after being released, Louder's counsel informed the court that Louder was in a "fully competent mental

state" and reaffirmed her intent to plead guilty.[2]  Louder was subsequently sentenced to 84 months in federal custody.

## ANALYSIS

Louder has now filed a motion to vacate her judgment under 28 U.S.C. § 2255.  She argues that her guilty plea was not voluntary because at the time she pled she was mentally unstable, and therefore not competent.  She also argues that she was coerced to plead guilty based on the understanding that she would be immediately released from jail if she did.

Section 2255 provides federal prisoners with relief based on defects in the prisoner's underlying judgment.[3]  The standard of review under Section 2255 is quite stringent; the court must presume that the challenged conviction is valid.[4]  The defendant carries the substantial burden of demonstrating otherwise by pointing to: (1) lack of jurisdiction by the court entering judgment; (2) an error of constitutional magnitude; (3) a sentence imposed beyond statutory limits; or (4) an error of law or fact that constitutes a "complete miscarriage of justice."[5]

Before reaching the merits of Louder's arguments, the court must first determine whether Louder has met Section 2255's procedural requirements.  As an initial matter, as part of her plea, Louder waived her right to challenge her sentence, including through a Section 2255 motion.  That waiver, however, is enforceable only if the plea was voluntarily made.[6]  Because Louder contends her plea was involuntary, her waiver will not preclude this Section 2255 motion.[7]

---

[2] Dkt. 204.

[3] 28 U.S.C. § 2255(b).

[4] *United States v. Frady*, 456 U.S. 152, 164 (1982).

[5] *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

[6] *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001).

[7] *Id.*

Another procedural hurdle Louder must clear is timeliness. Section 2255 requires that a motion for relief be brought within one year of the date on which the judgment of conviction became final.[8] Louder's conviction became final on March 8, 2015 (the judgment was entered on February 22 and the time to appeal expired 14 days later). She filed her Section 2255 motion on March 7, 2016, within the one-year window, so her motion is timely.

Thus, Louder's motion is not barred by waiver, nor is it untimely. But Louder must also show that she has previously raised her 2255 issues on direct appeal or has excused her failure to do so.[9] Review under Section 2255 is not an alternative to appeal; it is a way to correct errors that were presented on appeal but not remedied.[10] The requirement that claims be presented first on direct appeal is known as "procedural bar," and a defendant may get around this requirement only by demonstrating cause to excuse the procedural bar and prejudice resulting from the error, or, alternatively, by showing that failure to consider the claim would be a fundamental miscarriage of justice.[11]

Louder did not file a direct appeal, nor did she argue cause for the procedural default, prejudice from the error, or any fundamental miscarriage of justice if her claims are not addressed. For this reason, the government argues that her claims should be procedurally barred, and the court agrees. Louder's Section 2255 motion is therefore denied on this basis.

The Tenth Circuit has made clear that "if the government raises procedural bar, the courts must enforce it and hold the defendants' claims procedurally barred unless cause and prejudice or

---

[8] § 2255(f).

[9] *United States v. Magleby*, 420 F.3d 1136, 1139 (10th Cir. 2005).

[10] *Id.*

[11] *United States v. Cox*, 83 F.3d 336, 341 (10th Cir. 1996).

a miscarriage of justice is shown."[12]  The court interprets this to leave no discretion to reach the merits where a defendant has not presented her claims on direct appeal nor made any explicit attempt to show cause, prejudice, or a miscarriage of justice.  But in the event this is wrong, and in an effort to aid any appellate review, the court notes, briefly, that even if the claims were not procedurally barred, the court would deny Louder's motion on the merits.

Louder first contends her mental instability impaired her competence to plead guilty.  A defendant is competent if she has "'sufficient present ability to consult with [her] lawyer with a reasonable degree of rational understanding' and has 'a rational as well as factual understanding of the proceedings against [her].'"[13]  As discussed, at the change of plea hearing the court was well aware of Louder's mental issues in the preceding months.  To that end, the court spent a good deal of time at the hearing probing Louder's competency to plead.  The court recognized that Louder had "acted irrationally in some ways in the last few weeks," and asked if her "mind [was] clearer today . . . than it ha[d] been in the last few weeks."[14]  Louder conceded she "had some moments of difficulty in . . . at certain lockdown periods," but noted that overall her "mind [was] very clear" and she felt "very competent."[15]  Louder confirmed she had no "physical or mental problems or issues that might in any way interfere with [her] ability to think clearly or to understand what [she was] doing."[16]  These assurances, along with the court's "own personal

---

[12]     *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994).

[13]     *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)).

[14]     Dkt. 189 at 38.

[15]     *Id.*

[16]     *Id.* at 5.

observations of [Louder's] demeanor . . . in the courtroom," demonstrate that Louder was mentally competent to plead guilty.[17]

In addition to the competency issue, Louder also contends that her guilty plea was not voluntary because it was coerced. A plea is coerced, and therefore void, if it was "induced by promises or threats which deprive it of the character of a voluntary act."[18] Louder contends that her plea was coerced because it was made in order to avoid being sent back to Weber County Jail.

The record demonstrates, however, that Louder understood that her plea was in no way connected with the court's eventual custody decision. Indeed, the court made this explicit on several occasions. When Louder initially expressed her "understanding . . . that it was very likely that [she] would be released [that day] by cooperating and by pleading guilty," the court told her: "I want to be so clear with you about this. I want to be completely transparent. I don't know whether I can or will release you at the end of this hearing if you change your plea. I have not made a determination about that," to which Louder responded, "Okay. I understand."[19] Louder later indicated again that she fully understood that the court's custody decision was disconnected from her plea: "So you want to make sure that I'm in a position where I'm mentally safe enough and sound enough that I could be released out of custody today. My answer is I am, but you have to determine whether I am or not, right?"[20] The court reiterated: "I don't want you to plead guilty today because you're seeking release from prison."[21] And when the charges were

---

[17] *Id.* at 38.

[18] *Machibroda v. United States*, 368 U.S. 487, 493 (1962).

[19] Dkt. 189 at 6–7.

[20] *Id.* at 9.

[21] *Id.* at 10.

read, Louder affirmed that she had, in fact, committed the offenses, and that this was the basis for her plea.[22] Thus, while it is clear that Louder was motivated at least in part by the possibility of release from jail, it is also clear that she understood that the decision of whether she would return to Weber County Jail was independent of her decision to plead guilty.[23]

In short, Louder has not raised any doubt that her plea was made competently and without coercion. Even if her Section 2255 motion was not procedurally barred, the court would find that she failed to overcome the presumption that the proceedings leading to her conviction were valid. Louder's Section 2255 motion is therefore denied.

**SO ORDERED** this 21st day of December, 2016.

BY THE COURT:

_____
U.S. District Court

---

[22] *Id.* at 27.

[23] That Louder's plea was made competently and without coercion is further supported by the fact that she reiterated her plea, through her lawyer, months later in a motion filed with the court. Dkt. 204. By that time there were no recent reports of mental instability, and she had been out of jail for five months, removing any element of coercion she contends affected her plea.